April 10, 2018

<u>Via ECF</u>

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: CFTC v. Park, Kaseman et al. 16 Civ. 4120 (VEC)

Dear Judge Caproni:

      I write in response to Plaintiff's Reply Brief filed on April 9, 2018, in this Court.

      Plaintiff has extensively quoted from my criminal case as if to attempt another criminal sentencing hearing on paper. I wish to state emphatically that I do not, in any way, make light of my crimes. I pass each day, almost two years after being arrested, thinking about my victims who are and will forever be affected on a daily basis by my egregious act. I included my sentencing statement in my original letter to you in the hope that you would see my shame and remorse for what I have done and, more importantly, my complete acceptance of the sentence, even if it was not one that my Federal Defender and I had hoped for considering my personal and medical circumstances including my progressing brain aneurysms. I am in no way justifying or excusing my criminal acts. I am asking for this Court's consideration as an indigent defendant.

      I believe the best way for me to honor and lessen the suffering of the victims is to do everything in my power to contribute to the Court-mandated Criminal Restitution for the rest of my life. I do not see how setting the CMP at $5.22 million, which is a completely unrealistic amount for the reasons I stated in my previous letter to you, has any positive impact on the victims of the case or financially benefit them in any way.

The Honorable Valerie E. Caproni                                                                    April 10, 2018

Re: CFTC v. Park, Kaseman et al. 16 Civ. 4120 (VEC)

     I respect the role of the CFTC and the fact that one of Plaintiff's key goals is to set examples for the rest of the marketplace in order to prevent future wrongdoing. If this Court sees the CMP amount of $5.22 million to be a necessary factor to deterrence, I will respectfully accept the ruling. However, Plaintiff is only able to place the amount in the context of the total loss amount and the crime that was committed, due to their explicit goal of punishment and deterrence.  In fact, the case of a large CMP listed by Plaintiff in the Reply Brief involves a defendant who is a well-known multi-billionaire, for whom a $92.8 million CMP is a very small percentage of his net worth, and who had the ability to pay the criminal fines, forfeiture, and the CMP in full many times over. It is easy to see that my financial circumstances and my ability to pay the CMP differ vastly from this defendant's.

     Secondly, Plaintiff states dictating the amount of CMP according to one's financial circumstances and the ability to pay would "incentivize offenders to attempt to intentionally or recklessly destroy or offload assets in order to create a situation in which they can claim poverty" (Reply Brief, Page 5). In reality, Plaintiff had already ruled out this possibility in my case when, in September of 2017, Plaintiff asked for – and was fully provided – detailed and extensive financial disclosure going back ten years from me and my spouse. Furthermore, as this Court is aware, in a fraud case like mine, in which there is a parallel or preceding criminal case, the government forfeiture process is extremely efficient in capturing any possible asset offloading or off-balance-sheet activities. Lastly, no defendant of sane and rational mind would intentionally destroy his or her own assets for the explicit and sole purpose of avoiding the CMP.

     The CMP amount of $5.22 million would be a purely symbolic amount for an indigent defendant who will spend the rest of her life repaying the Criminal Restitution Amount that

The Honorable Valerie E. Caproni                                             April 10, 2018

Re: CFTC v. Park, Kaseman et al. 16 Civ. 4120 (VEC)

would come ahead of the CMP. Blindly imposing a monetary penalty that has zero chance of ever being paid when a defendant's current and future circumstances are taken into account is far less meaningful than imposing an amount that is calculated using the defendant's realistic financial picture. The current CMP amount would be tantamount to imposing a lifelong financial punishment on my husband, child, and parents, who chose to stay by my side even after they, themselves, were victimized by my criminal act. While I recognize the importance of what Plaintiff is attempting to achieve, I respectfully ask for the Court's consideration of what $5.22 million in CMP means in reality to Plaintiff as well as to my and my family's future.

                                      Respectfully submitted,

                                      /s/

                                      Haena Park, *pro se* defendant